THE STATE OF OHIO, APPELLANT, *v.* MORGAN, APPELLEE.

(No. 6826—Decided July 24, 1962.)

*Mr. Mark McElroy,* attorney general, and *Mr. Alexander H. Martin, Jr.,* for appellant.

*Messrs. Earhart, Robertson & Savage,* for appellee.

DUFFY, J. The state of Ohio brought this action under the provisions of the Workmen's Compensation Law, Section 4123.75, Revised Code, relating to employers who are amenable to the law but have not complied with the provisions by paying premiums into the state fund.

An employee of the defendant, appellee herein, Alfred R. Wilson, had filed a claim with the Bureau of Workmen's Com-

pensation alleging that he received an injury during the course of and arising out of his employment with the defendant. His application for compensation and medical expenses was allowed by the Bureau of Workmen's Compensation and, under the provisions of the Workmen's Compensation Act, the state sought to collect the total amount of the award from the employer, which action is a prerequisite to the payment of compensation to the injured employee.

The employer in answer to the petition admitted that the Bureau of Workmen's Compensation had made a finding and an award in favor of Alfred R. Wilson who was a part-time employee, but the employer alleged that at the time of injury the employee, without any authorization or direction of the defendant and acting over and beyond the scope of his employment, was in the process of making a demonstration looking toward a possible sale of a motor scooter which had been brought to the premises for the purpose of having the defendant's mechanic make certain minor repairs; and that, unknown to the defendant, the owner of the motor scooter had told one of his employees that if he, the employee, could find a buyer for the scooter he would pay a commission on the sale, but that this information was not revealed to the defendant until sometime after the injury was sustained by Alfred R. Wilson.

The issue before the trial court was whether the employee of the defendant received an injury in the course of and arising out of his employment, so as to be entitled to compensation under the provisions of the Ohio Workmen's Compensation Act.

A review of the record indicates a Mr. Wilson was employed part time as a filling station attendant doing general service work around the filling station and minor repair work on automobiles. Some time prior to March 21, 1959, a regular customer, Mr. Darst, had brought a motor scooter to the service station for repair and told another employee, the mechanic, Martin Baranek, that he wanted it fixed so that it could be sold. As of March 21, 1959, the repair work was not fully completed, but the employee Wilson testified, in regard to his injuries, as follows:

"Well, approximately 7:30 in the evening I was lubricating this one particular car and preparing to adjust the brakes on it and this youngster came in and said that he understood that

Mr. Darst had a motor scooter there which he understood was for sale and he would like to have a look at it and hear it run and what-not. So the motor scooter had the choke linkage and side panel off of it and you had to choke the scooter to get it started and it was a one centrifucal [sic] type choke, and as I choked and it started the engine was revied [sic] up to try to make it move so I reached my hand down to open the choke on the scooter and in doing so I caught my hand in the drive belt on it and the kid that came to see the scooter proceeded to get real excited and he ran out of the service station, after summoning help and the Sharon Township Emergency Squad took me to University Hospital.''

The trial judge, after all the evidence was in and the defendant had moved for judgment, made the following statement:

''The plaintiff has to prove all of the facts necessary for a judgment and there has been no evidence presented in this case to show that in this particular instance that Wilson, either under orders of Morgan or under orders of Baranek, as a part of his job, was to demonstrate anything or to sell it or has there been any evidence to show that Morgan at any time in the operation of this filling station was in the habit of taking on jobs of selling motor vehicles, scooters or automobiles.

''There, the particular incident was not, or did not occur in the scope of the employment of Mr. Wilson in his employment in the filling station of Mr. Morgan.''

The Supreme Court of Ohio, in the case of *Industrial Commission* v. *Weigandt,* 102 Ohio St., 1, stated, in the second paragraph of the syllabus, as follows:

''The test of right to award from the insurance fund under the Workmen's Compensation Law, for injury in the course of employment, is not whether there was any fault or neglect on the part of the employer, or his employes, but whether the employment had some causal connection with the injury, either through its activities, its conditions or its environments.''

The Supreme Court of Ohio has repeatedly recognized the necessity of finding a causal connection, whether directly or incidentally, between the employment and the injury in workmen's compensation cases. See *Fox* v. *Industrial Commission,* 162 Ohio St., 569, and cases cited therein on pages 573 and 574.

There is nothing in the transcript of testimony to indicate that the employee, Wilson, was ever asked to sell the motor scooter or that he was to receive any personal benefit other than his usual wages for any activity which he engaged in that night.

Surely the starting of a motor scooter, which was in the filling station for repair so that it would be in a condition for sale, was not such a deviation from the usual work of a filling station attendant that it would take the employee out of the course of his employment. An injury received while starting a motor scooter, under the circumstances described, is evidence of a causal connection with his employment so as to entitle him to the benefits of the Workmen's Compensation Law. He was not forbidden to do the act which he did nor was he specifically authorized to do the act, but it cannot be said that it was not done as an incident of his employment and, for that reason, we believe the judgment of the trial court was in error and should be reversed.

The judgment is reversed, and final judgment is entered for the plaintiff for $2,401.31 with interest from June 4, 1959, and costs.

*Judgment reversed.*

DUFFEY, P. J., concurs.
BRYANT, J., dissents.